## S. D. PETERSON *vs.* PETER CHRISTENSEN.

## March 1, 1880.

Contracts against Public Policy.—A contract is not void as against public policy unless it is injurious to the interests of the public, or contravenes some established interest of society.

Appeal by defendant from an order of the district court for Brown county, *Cox,* J., presiding, overruling a demurrer to the complaint.

*B. F. Webber* and *M. J. Severance,* for appellant.

*S. L. Pierce* and *J. Newhart,* for respondent.

BERRY, J.  On February 21, 1878, defendant agreed with McCormick & Bro. to act as their agent for the sale of harvesting machines and mowers, for the season of 1878.  On the next day, as party of the first part, he made an agreement with the plaintiff, as party of the second part, as follows, viz.: that he would pay, turn over, and cause to be paid and turned over to the plaintiff, at such time and times as the plaintiff may designate, any and all money, payments, commissions and compensations, of whatever kind and nature, that are due or to become due, and that he may earn, or that will in any manner accrue to him, by reason of his said agency or as such agent; that the plaintiff should at all times have full and exclusive direction and control of each and every transaction entered into, and sale made by the defendant under his said agency; that the plaintiff should have free access to all the books kept by defendant, and control of all book-accounts and notes taken for any of said machinery or repairs therefor by the defendant; and that the defendant would not at any time do, or cause to be done, any business by himself, or others for him, in or about said agency, or in regard to any sale or transaction thereunder, until he has first secured from the plaintiff his approval and direction. For an alleged breach by defendant of the foregoing agree-

ment the plaintiff brings this action for damages. The defendant interposes a general demurrer.

In support of the demurrer it is contended that the agreement is void as against public policy. The argument is that defendant's agency was presumably an ordinary one, the duties of which are personal and not assignable; that, therefore, defendant held a personal trust, and his principals were entitled to his personal judgment in the business of his agency; that by the agreement upon which this action is brought, defendant in effect transferred his agency, and surrendered his personal judgment, to the plaintiff, and that such transfer and surrender are against public policy.

It would be unwise to attempt to furnish an exact definition by which to determine whether a contract is or is not void as against public policy. As with regard to fraud, it is safer to determine questions of this kind as they arise in particular cases. See Story on Contracts, § 546. But there need be no hesitation in laying down the general rule, that a contract is not void as against public policy unless it is injurious to the interests of the public, (2 Chitty on Contracts, 982,) or, as it is sometimes expressed, "contravenes some established interest of society." Story on Contracts, § 546. See, also, Bishop on Contracts, § 460.

The case at bar does not fall within this rule. Admitting what is claimed by the defendant, but what does not necessarily appear from the complaint, viz., that the transfer of the defendant's agency was unauthorized, the case would be simply one in which the defendant had exceeded his authority, perhaps ignorantly, and perhaps with a fraudulent intent, it matters not which. The transaction is private merely, affecting no one but the parties to it, and no public interest or established interest of society is in any way involved.

Order affirmed.